# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

M.R. Mikkilineni, )
)
    Plaintiff, )
)
    v. )    Civil Action No.  09 2417
)
Robert Stoll, Commissioner of Patents, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis*

and *pro se* complaint. The application will be granted for the purposes of this decision, but the

complaint will be dismissed without prejudice because venue does not lie with this court.

The pro se complaint sues the Commissioner of Patents under the Administrative

Procedure Act, 5 U.S.C. §§ 701 et seq. ("APA"), for allegedly violating the APA's prescribed

procedures for rule-making when adopting a new "instruction" in August 2009. The general

venue statute provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated, or (3) a judicial district in which any defendant
> may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Commissioner for Patents, as an official in the U.S. Patent and

Trademark Office, is considered a resident of Virginia for purposes of venue in civil actions. *See*

35 U.S.C. § 1; *Sykes v. Dudas,* 573 F. Supp. 2d 191, 204 (D.D.C. 2008). The actions of which

the plaintiff complains were carried out from the PTO. Accordingly, venue in this case lies in the

Eastern District of Virginia and not with this court. Therefore, on its authority under 28 U.S.C. § 1406(a), the complaint will be dismissed without prejudice for improper venue.

Dated: 12/21/09

_____
United States District Judge